IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL BAUMGARTNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-4084-CV-C-NKL |
| ) | |
| FORD MOTOR CREDIT CO., LLC, ) | |
| ) | |
| Defendant. ) | |

ORDER

Pending before the Court is Plaintiff Michael Baumgartner's ("Baumgartner") Motion to Remand [Doc. # 4] the above captioned case to the Circuit Court of Callaway County, Missouri. Also pending before the Court is Defendant Ford Motor Credit Co., LLC's ("Ford") Motion to Reassign/Transfer Case to Bankruptcy Court Pursuant to 28 U.S.C Section 157(a) [Doc. # 3]. Because the Court concludes that it is without subject matter jurisdiction over this case, the Motion to Remand is granted and the Motion to Transfer denied as moot.

I.   **Factual Background**

On April 30, 2003, Baumgartner borrowed $25,749 to purchase a 2003 Ford F350, VIN# 1FTWX33S53EB86999 ("the Truck"). He signed a promissory note for the loan and granted Ford a lien on the Truck. The note required 11 semiannual payments of

1

$2,821.25 to be made each October and April, which Baumgartner made regularly up through April 2006. On March 2, 2006, a month before he made his regular April payment to Ford, Baumgartner and his wife filed a Voluntary Petition for Relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 01 through 1146, in the United States Bankruptcy Court for the Western District of Missouri. Shortly thereafter, Ford filed a Motion for Relief from the automatic bankruptcy stay with regard to the Truck that Baumgartner had financed from Ford. On May 17, 2006, the Bankruptcy Court granted Ford's Motion for Relief from the Stay, and Ford repossessed the truck on June 11, 2006. Ford offered to return the truck if Baumgartner signed a reaffirmation agreement, which was submitted to the Bankruptcy Court on June 14. After a hearing on July 27, the Bankruptcy Court rejected the agreement. On September 19, 2006, the Baumgartners were discharged of their debts.

On March 14, 2007, Baumgartner sued Ford for conversion of the Truck in the Circuit Court of Callaway County, Missouri, alleging that Ford's repossession was unlawful since he was current on his payments. Baumgartner did not seek damages in excess of $75,000. Ford timely removed the action to this Court under 28 U.S.C. § 1452(a), alleging federal jurisdiction under 28 U.S.C. § 1334(b) because Baumgartner's state law claim is

> related to Baumgartner's Title 11 case because Baumgartner's claim for damages arises from the Bankruptcy Court's grant of Ford Credit's Motion to Lift Stay, which resulted in Ford Credit taking repossession of the Truck, and the Bankruptcy Court's denial of the Reaffirmation Agreement which meant that no contract existed between Baumgartner and Ford credit that would require return of the Truck.

2

Notice of Removal ¶ 12.

**II. Discussion**

Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. *In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir.1993). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.*, 415 F.2d 809, 814 (8th Cir.1969).

Title 28 of the United States Code, Section § 1452(a) provides that

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

Section 1334, in turn, provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Thus, "[c]ivil proceedings in a bankruptcy case are divided into two categories, core proceedings and non-core, related proceedings." *Specialty Mills v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995); *Abramowitz v. Palmer*, 999 F.2d 1274, 1277 (8th Cir. 1993). A non-exhaustive list of "core proceedings" is enumerated at 28 U.S.C. § 157(b)(2). In general, "core proceedings" are "those which arise only in bankruptcy or involve a right created by federal bankruptcy law." *Specialty Mills*, 51 F.3d at 773 (citing *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987); *see also* 28 U.S.C. § 157(b)(2). By contrast, "[n]on-core, related proceedings are those

3

which do not invoke a substantive right created by federal bankruptcy law and could exist outside of a bankruptcy, although they may be related to a bankruptcy." *Specialty Mills*, 51 F.3d at 773-74. In determining whether a case falls into the latter category, the Eighth Circuit has adopted the "conceivable effect" test developed by the Third Circuit in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984):

> The test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in the bankruptcy . . . .
>
> An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action . . . and which in any way impacts upon the handling and administration of the bankrupt estate.

*Specialty Mills*, 51 F.3d at 74 (quoting *Pacor*, 743 F.2d at 994); *see also Abramowitz*, 999 F.2d at 1278 (interpretation of "related to" jurisdiction should promote judicial economy by facilitating resolution of all matters related to a bankruptcy case).

Ford argues that Baumgartner's state conversion claim is a "core proceeding" because Ford's "ability to repossess its collateral was *created* when the bankruptcy court lifted the automatic stay regarding the Truck and thereafter chose not to reaffirm the agreement between Baumgartner and Ford." Def. Sugg. Opp. at 4 (emphasis in original). Contrary, to Ford's assertion, however, whatever legal right it had to repossess its collateral was created by its security agreement with Baumgartner and Article 9 of the Uniform Commercial Code. The lifting of the automatic bankruptcy stay did not create a right to repossess; it merely removed the impediment to exercising any such right Ford

4

possessed under state law.  Indeed, Ford's Motion to Lift the Automatic Stay asked only for the following relief:

> (a) lifting the stay as to Debtors in connection with the 2003 Ford F350 herein described; (b) that the Trustee in bankruptcy may abandon said motor vehicle herein described as an asset of this estate; (c) for the further order that Movant may proceed to enforce its rights under Missouri law, in accordance with the provisions of its said security interest in said motor vehicle . . . .

Pl. Mot., Ex. 2 and 2 [Doc. # 4-3].  The Court is not persuaded that Ford's actions could be considered "core proceedings" under the Bankruptcy Code since they neither "arise only in bankruptcy or involve a right created by federal bankruptcy law." *Specialty Mills*, 51 F.3d at 773.

Ford argues in the alternative that if Baumgartner's conversion claim is not a core proceeding, it must at least be "related to" his bankruptcy because Ford would not have repossessed the car but for the lifting of the stay.  This argument is illogical and unsupported by any legal authority.  As noted above, the test for whether a claim is sufficiently "related to" a bankruptcy proceeding so as to create removal jurisdiction is

> whether the outcome of that proceeding could conceivably have any effect on the estate being administered in the bankruptcy . . . . An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action . . . and which in any way impacts upon the handling and administration of the bankrupt estate.

*Specialty Mills*, 51 F.3d at 74.  However, as both parties note in their briefs, the Bankruptcy Code requires that the Debtor shall,

> in a case under chapter 7 of this title in which the debtor is an individual, not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an

5

> interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under section 341(a), either–
>
>> (A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or
>>
>> (B) redeems such property from the security interest pursuant to section 722.
>
> If the debtor fails to so act within the 45-day period referred to in paragraph (6), the stay under section 362(a) is terminated with respect to the personal property of the estate or of the debtor which is affected, *such property shall no longer be property of the estate, and the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law*. . . .

11 U.S.C. § 521(a)(6) (emphasis added). In the present case, the reaffirmation agreement was rejected by the Bankruptcy Court and Baumgartner failed to redeem the Truck within 45 days. At that point, the Truck ceased to be the property of the bankruptcy estate and Ford was entitled to take whatever action on its security interest "permitted by nonbankruptcy law." Since the truck is no longer part of the bankruptcy estate, the outcome of Baumgartner's conversion claim could not "conceivably have any effect on the estate being administered in the bankruptcy." Consequently, the Court is not persuaded that Baumgartner's state law claim is sufficiently "related to" his bankruptcy claim to support federal jurisdiction under 28 U.S.C. §§ 1452(a) and 1334(b).

Even if the Court were to find that the lifting of the stay and the subsequent rejection of the reaffirmation agreement somehow constituted a core proceeding or was related to Baumgartner's bankruptcy, those facts would relate only to Ford's defense against Baumgartner's conversion claim. It is well established that "a case may not be

6

removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470,475 (1998). As Ford has not met its burden to establish federal subject matter jurisdiction, the Court has no choice but to remand the case to state court.

**III. Conclusion**

Accordingly, it is hereby

ORDERED that Baumgartner's Motion to Remand [Doc. # 4] is GRANTED. The case is REMANDED to the Circuit Court of Callaway County, Missouri for further proceedings. It is further

ORDERED that Ford's Motion to Motion to Reassign/Transfer Case to Bankruptcy Court Pursuant to 28 U.S.C Section 157(a) [Doc. # 3] is DENIED as MOOT.

<pre>
                                           s/ Nanette K. Laughrey
                                           NANETTE K. LAUGHREY
                                           United States District Judge
</pre>

Dated:  July 9, 2007
Jefferson City, Missouri

7

Case 2:07-cv-04084-NKL   Document 17   Filed 07/09/07   Page 7 of 7